IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICOLAS LAMENDOLA,

        Plaintiff,

v.                                                  CIV 18-0163 KBM/SCY

THE BOARD OF COUNTY
COMMISSIONERS FOR THE COUNTY
OF TAOS and
JOHN DOES 1-10,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Board of County Commissioners for the County of Taos' Motion to Dismiss in Lieu of an Answer under Rule 12(b)(6), 12(b)(5), Rule 15, and Rule 4 (*Doc. 34*), filed December 6, 2018. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *See Docs. 3, 43*.

This case arises from Plaintiff's employment with the Taos County Sheriff's Office between August 2008 and July 2015. Plaintiff filed suit on July 26, 2017, in the Eighth Judicial District Court of Taos County, State of New Mexico, alleging discrimination and retaliation in violation of the New Mexico Human Rights Act ("NMHRA"), the Americans with Disabilities Act ("ADA"), and Title VII of the Civil Rights Act of 1964 ("Title VII"). *Doc. 1*, Ex. A, at 5-8. Additionally, Plaintiff alleged a state law claim for retaliatory termination against public policy. *Id.* at 8-9. Plaintiff later filed his First and Second Amended Complaints. *Doc. 16-1* at 14-23; *Doc. 28*. Defendant Board of County Commissioners for the County of Taos ("the Board") now moves for dismissal of the

Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(5), 15, and 4.

I.  **Legal Standard**

In the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court accepts as true "all well-pleaded factual allegations in a complaint and views these allegations in the light most favorable to the plaintiff." *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009); *Morris v. City of Colorado Springs,* 666 F.3d 654, 660 (10th Cir. 2012). To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The Court may resolve a statute of limitations defense under Rule 12(b)(6) when the "critical dates appear[] plainly on the face of [plaintiff's] complaint." *Lee v. Rocky Mountain UFCW Unions & Employers Tr. Pension Plan*, 13 F.3d 405, at *1 (10th Cir. 1993).

Federal Rule of Civil Procedure 12(b)(5), in turn, allows a defendant to defend against a claim based upon insufficiency of service of process. *Whitsell v. United States,* 198 F.3d 260, at *1 (10th Cir. 1999). "A Rule 12(b)(5) motion is the proper vehicle for challenging" the sufficiency of the service of process, *i.e.* "the mode of delivery or lack of delivery of the summons and complaint." *See* 5B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.3d* § 1353 (2008 Supp.). "In opposing a motion to dismiss for insufficient service of process, plaintiff bears the burden to make a *prima facie* case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over defendant." *Fisher v. Lynch,* 531

F. Supp. 2d 1253, 1260 (D. Kan. 2008). That is, he must demonstrate that the procedure he employed has satisfied applicable service of process requirements. *Light v. Wolf,* 816 F.2d 746, 751 (D.C. Cir. 1987). Where a plaintiff does not meet this burden, a court may dismiss for failure to properly serve or it may quash the process without dismissing the action and give the plaintiff an opportunity to re-serve the defendant. *Pell v. Azar Nut Co., Inc.,* 711 F.2d 949, 950 n.2 (10th Cir.1983) ("when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant").

## II. Background

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and concurrently with the New Mexico Human Rights Division ("NMHRD"), and he received a right to sue letter from the EEOC on April 27, 2017, (*Doc. 28* at ¶ 1 & Ex. A), and an Order of Non-Determination from the NMHRD on May 4, 2017, (*Doc. 28* at ¶ 1 & Ex. B). Both the right to sue letter and the Order of Non-Determination gave him 90 days to file suit. *Doc. 28*, Ex. A at 1 ("Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost."); *Doc. 28*, Ex. B at 1 ("You have ninety (90) days from the date of service of this Order of Non-Determination to file notice of appeal in the district court of the county where the alleged discriminatory practices occurred or where the respondent does business.").

Plaintiff filed his initial Complaint against the Taos County Sheriff's Office and John Does 1-10 in state court on July 26, 2017, 90 days from his receipt of the EEOC letter and 83 days from the date of the NMHRD order. *See Doc. 16-1*. He did not,

3

however, serve that Complaint on the Sheriff's Office or on any John Does. Instead, on January 4, 2018, he filed his First Amended Complaint. *See Doc. 16-1* at 14-23. He served the Undersheriff for Taos County with the amended complaint on January 19, 2018. *Doc. 16-1*, 30-32. Because the Board was not yet a party to the action, it was not served with the First Amended Complaint.

The Sheriff's Office removed the case to this Court on February 18, 2018, *Doc. 1*, and shortly thereafter, moved to dismiss Plaintiff's First Amended Complaint on the ground that it is not a suable entity. *Doc. 4*. Following an April 19, 2018 hearing and supplemental briefing by the parties, the Court determined, pursuant to Federal Rule of Civil Procedure 17 and N.M. Stat. Ann. § 4-46-1, that the Sheriff's Office lacked the capacity to be sued, even under federal statutes such as the ADA and Title VII. *Doc. 24*. Accordingly, the Court dismissed Plaintiff's claims against the Sheriff's Office but granted Plaintiff leave to move to amend his complaint to add the Board as a defendant. *Id.* at 14. Plaintiff filed his Second Amended Complaint, naming the Board as a defendant, on October 3, 2018. *Doc. 28*. He attempted service on the Board the following month, on November 15, 2018, (*Doc. 33*), and the instant motion to dismiss followed.

### III. Analysis

Defendant maintains that because Plaintiff delayed serving any complaint on any defendant for 177 days from the filing of his initial Complaint, and after the expiration of the statute of limitations, his Second Amended Complaint should now be dismissed pursuant to the Federal Rules of Civil Procedure. Indeed, Defendant contends that Rule 15(c)(1)(C) compels as much.

4

While a party must typically file an amended complaint within the period allowed under the applicable statute of limitations, Rule 1–015(c)(1)(C) provides an exception by allowing an amendment to a pleading that is filed after the statute of limitations has run to relate back to the date the original complaint was filed, but only when specific conditions are met. Rule 15(c)(1)(C) provides:

> An amendment to a pleading relates back to the date of the original pleading when: [ . . . ] the amendment changes the party or the naming of the party against whom a claim is asserted, if [the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading], and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Here, there is no question that Plaintiff's Second Amended Complaint asserts a claim arising out of the same conduct alleged in his initial Complaint. Still, the Court must determine whether, within the applicable time for service, the Board was placed on notice of the suit and had reason to know that it would have been the named defendant, rather than the Sheriff's Office, absent a mistake by Plaintiff as to the proper party's identity.

Rule 15(c)(1)(C)'s reference to Rule 4(m) suggests that to qualify for relation back a plaintiff in federal court typically has 90 days[1] to provide notice of suit to a new party named in an amendment. By Defendant's calculations, Plaintiff's Second

---

[1] Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specific time.

5

Amended Complaint is only eligible for relation back to the filing of his initial Complaint if the Board received notice of the action by October 24, 2017. If the Second Amended Complaint does not relate back, Plaintiff submits that it is outside of the statute of limitations and must be dismissed. According to Defendant, "even if the Court makes the logical leap that serving an undersheriff on behalf of a non-viable party somehow provided notice to the County," Plaintiff still must have done so by October 24, 2017. *Doc. 34* at 5. Again, Plaintiff did not serve the Undersheriff of Taos County until January 19, 2018. *See Doc. 16-1* at 30-32. Because Plaintiff failed to effect service on any defendant by October 24, 2017, Defendant insists that his Second Amended Complaint is subject to dismissal.

In deciding Defendant's motion, the Court is faced, first, with a choice of law dilemma, as Plaintiff protests application of Federal Rule of Civil Procedure 4(m) to the Court's relation-back analysis. He notes that his initial Complaint and his First Amended Complaint, with which the Undersheriff was served, were filed in state court prior to removal. It is less clear whether Plaintiff would have the Court apply the balance of Federal Rule of Civil Procedure 15(c)(1)(C), omitting reference to Federal Rule 4(m), or, instead, apply Federal Rule 15(c)(1)(C)'s New Mexico counterpart, NMRA 1-015(C). Defendant responds, simply, that under the *Eerie* doctrine federal rules apply to procedural questions. *Doc. 40* at 2. But the Court is not convinced that the analysis is so straightforward.

First, the Court's own research reveals that even the application of Federal Rule 15(c)(1)(C) in diversity cases appears to remain an open question in the Tenth Circuit. *See, e.g., Dale K. Barker Co., P.C. v. Plaza*, 541 F. App'x 810, 814 (10th Cir. 2013)

(explaining that there is "considerable uncertainty whether a federal court sitting in diversity jurisdiction is free to apply the relation-back principle embodied in Rule 15(c) instead of a conflicting state rule on the subject"). Although numerous Tenth Circuit cases have applied Rule 15(c) to diversity-based claims, they appear have done so in the absence of argument that the state-law-relation-back rule should apply instead. That said, a majority of circuit courts of appeal, including the First, Fourth, Fifth, Eighth, and Ninth, have determined that Federal Rule 15(c) *is* applicable in diversity actions. *See, e.g., Morel v. Daimler-Chrysler AG*, 565 F.3d 20, 25 (1st Cir. 2009); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 611 (4th Cir. 1980); *Johansen v. E.I. Du Pont de Nemours & Co.*, 810 F.2d 1377, 1380 (5th Cir. 1987); *Brown v. E.W. Bliss Co.*, 818 F.2d 1405, 1409 (8th Cir. 1987); *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d 730, 735-36 (9th Cir. 1988).

To some extent, Federal Rule 15(c) and New Mexico Rule 1-015(C) operate in a similar manner and in many cases produce the same result. There is one significant difference in the rules' formulation, however. Federal Rule 15(c)(1)(C) specifies that relation back is available when a new party receives the required notice "within the [90-day] period provided by Rule 4(m)." But New Mexico Rule 1-015(C)(3) provides for relation back when the new party receives the required notice "within the period provided by Rule 1-004(C)(2) NMRA for serving process."[2] Significantly, New Mexico

---

[2] At the time Plaintiff filed his initial Complaint, New Mexico Rule 1-015(C)(3) provided that the defendant to be brought in by amendment must have received notice "within the period provided for commencing the action against him." While such language would seem to require that the new defendant have notice before the date that the statute of limitations ran, the New Mexico Supreme Court interpreted the rule's language to allow for relation back so long as "service of process was effected within the reasonable time allowed under the rules of civil procedure even though the limitations period had expired." *Galion v. Conmaco Int'l, Inc.*, 568

7

Rule 1-004(C)(2) requires that service be made, not within a specific number of days, but instead "with reasonable diligence." The period for service is unquestionably more precise under federal law, given Federal Rule 4(m)'s bright-line 90-day limit. Ultimately, because the Court concludes herein that Plaintiff satisfies the more demanding standard in Federal Rule 15(c)(1)(C), in addition to New Mexico Rule 1-015(C), it need not resolve the choice-of-law issue.

The Court finds *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706-07 (10th Cir. 2010) instructive here. There, the Tenth Circuit considered two Kansas statutes: 1) a statute requiring that both a petition and summons be served in order for an action to be deemed "commenced"; and 2) a statute offering a ninety-day grace period during which, if a summons was served, the date of service would relate back to the date a petition was filed for purposes of establishing a commencement date. *Id.* at 705 (discussing Kan. Stat. Ann. § 60-304 and Kan. Stat. Ann. § 60-203). Significantly, the plaintiff in *Wallace* did not serve a summons within the 90-day grace period for relation back pursuant to Kansas statute. *Id.* The court explained that "[i]f that were the whole story . . ., the district court would clearly have been correct to dismiss the tort claims as untimely." *Id.* at 706. Yet, according to the Tenth Circuit, the defendant's removal of the case to federal court changed the fate of the plaintiff's complaint. *Id.* The Court applied 28 U.S.C. §1448 and Fed. R. Civ. P. 4(m) in tandem to reach the conclusion that the defendant's removal of the plaintiff's complaint effectively gave the plaintiff an additional

---

P.2d 1130, 1134 (N.M. 1983). The new language in 1-015(C)(3), cited above and effective for all cases pending or filed on or after December 31, 2017, simply conforms the rule to the court's holding in *Galion*. See NMRA 1-1015(C)(3), Committee commentary to 2017 amendment.

period during which to perfect service. *Id.* at 706-07. Section 1448 provides for process after removal and states in pertinent part:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

The Tenth Circuit looked to state law to determine whether service had been perfected on the defendant prior to removal, concluding that it had not. *Id.* at 706. It explained that the plaintiff was, therefore, not foreclosed from effecting service in federal court, pursuant to Federal Rule 4(m). *Id.* at 706. At the time *Wallace* was decided, Federal Rule 4(m) provided a longer period – 120-days – for service.[3] Thus, the defendant's removal of the case to federal court effectively extended the plaintiff's period for service to 120 days from the date of removal. *Id.* at 706.

The Court gleans two applicable principles from *Wallace*. First, state law, not Federal Rule 4(m), dictates whether service on the Undersheriff was perfected within a timely manner. *Id.* ("federal courts in removed cases look to the law of the forum state . . . to determine whether service of process was perfected prior to removal"). After all, state service of process rules were the operative rules at the filing of the initial Complaint and at the time Plaintiff served the Undersheriff with the First Amended Complaint. While neither the present Defendant nor the former defendant were served within the statute of limitations period, New Mexico's service rules did not require service within that period. Instead, they merely required that "service of process . . . be made with reasonable diligence." NMRA 1-004. The Court is left to "exercise its

---

[3] The rule was amended in December 1, 2015, to shorten the service period to 90 days.

9

discretion in determining whether a delay in service of process demonstrates a lack of due diligence on the part of a plaintiff based on a standard of objective reasonableness." See *Graubard v. Balcor Co.*, 999 P.2d 434 (N.M. Ct. App. 2000).

Here, the Undersheriff was served 177 days after the filing of Plaintiff's initial Complaint. Defendant submits that this delay simply cannot constitute reasonable diligence by Plaintiff. He does not, however, refer the Court to any case law saying as much. Plaintiff acknowledges that, in *Romero v. Bachicha*, 38 P.3d 1151, 1157 (N.M. Ct. App. 2001), the New Mexico Court of Appeals determined that a 13-month delay in service was too long to constitute reasonable diligence, at least in the absence of some justification for the delay. Nevertheless, he maintains that the delay does not demonstrate a lack of reasonable diligence, referring the Court to *Hall v. Walgreens Store No. 4950 Clovis, New Mexico, 88101*, No. 09cv0506 JCH/KBM, 2009 WL 10666045, at *2 (D.N.M. Nov. 24, 2009).

In *Hall*, the plaintiff, like Plaintiff here, filed suit just before the expiration of the applicable statute of limitations. *Id.* at *1. Also like Plaintiff here, he failed to serve the defendant until more than five months later. *Id.* Despite the delay in service, Judge Herrera reasoned, under New Mexico Rule 1-004, that the plaintiff had pursued his claim with sufficient diligence. *Id.* at *2. In reaching this conclusion, she emphasized that the defendant was aware of a potential claim against it at the time the statute of limitations ran, as the plaintiff had submitted a comprehensive, pre-suit demand letter supported by voluminous records, followed up numerous times with the defendant's insurance carrier, and continued to confer with the insurance carrier after filing suit in an

attempt to resolve the case by settlement. *Id.* This case, too, had a prelitigation history of which Defendant was, no doubt, aware.

Indeed, Plaintiff submits that all defendants named in this case received "constructive service" long before the Undersheriff was served. Most critically, he contends that Defendant gained notice of the nature of his suit and his likely evidence during administrative proceedings related to his termination in which the county participated. *See Doc. 38*, Ex. A. He also notes that The Taos News published an article on October 16, 2017, which he attaches to his response, reporting that he had filed suit against the Taos County Sheriff's Office for discrimination and wrongful termination. *See Doc. 38-3*, Ex. C. Finally, Plaintiff submits an affidavit in which he states that a Taos County Commissioner inquired, prior to his filing of the First Amended Complaint, when he was going to serve the County Commissioners. *See Doc. 38-2*, Ex. B. He reports being informed by that Commissioner that the Board had "learned of the lawsuit, as they get a list of all pending lawsuits filed against the County." *Doc. 38-2*, Ex. B.

Defendant urges the Court to restrict itself to consideration of the pleadings and facts subject to judicial notice, ignoring the exhibits provided by Plaintiff in support of his response brief. *Doc. 40* at 1-2. Yet, Defendant's motion was made under both Rule 12(b)(6), for failure to state a claim, and Rule 12(b)(5), for insufficient service of process. *See, e.g., Doc. 34* at 8. Under Rule 12(b)(5), "a party may go beyond the allegations in the pleadings to challenge the facts upon which jurisdiction depends and may rely on affidavits or any other evidence properly before the court." *Heijnen v. DeFranco*, No. 03cv1338 WJ/KBM, 2004 WL 7338189, at *2 (D.N.M. Feb. 24, 2004). Unlike under Rule 12(b)(6), a court's reference to evidence outside the pleadings does

not operate to convert the motion to a Rule 56 motion. *Id.* In its consideration of whether the Undersheriff was served within a timely manner under New Mexico Rule 1-004, the Court will take judicial notice of Exhibit A, which is a "Statement of Issues" filed by Taos County during the course of Plaintiff's pre-suit administrative proceedings. *See Hodgson v. Farmington City*, 675 F. App'x 838, 840-41 (10th Cir. 2017). In contrast, the Court will disregard Plaintiff's affidavit, which relays statements attributed to a County Commissioner (Exhibit B), and the article from The Taos News (Exhibit C), as these documents constitute inadmissible hearsay.

As Plaintiff notes, Exhibit A demonstrates that Defendant participated in the administrative appeal of his termination, including at a hearing before an independent hearing officer. *See Doc. 38-1*, Ex. A. Moreover, in the exhibit, Defendant recounts Plaintiff's argument at the time, which mirrors his argument in this case: "that the positive June and July test results were caused by multiple prescription steroids he was taking for hypogonadism." *Compare Doc. 38-1*, Ex. A, at 1 *with Doc. 28* at ¶ 7-16. Exhibit A demonstrates that Defendant had notice of Plaintiff's potential claims against it as well as the evidence on which he would rely even before Plaintiff filed his initial Complaint. And, notably, this lawsuit was filed, in part, as an appeal of the administrative decision regarding Plaintiff's termination by the Sheriff's Office.

Because the Sheriff's Office and Taos County were aware of a potential claim by Plaintiff at the time the statute of limitations ran, the Court finds persuasive Judge Herrera's reasoning in *Hall* and concludes that Plaintiff's service on the Undersheriff was timely under New Mexico Rule 1-004.

Second, following the rationale of *Wallace*, because the Board had not been served with process, or alternatively because the service on the Undersheriff was ultimately determined to be defective given the Sheriff's Office's lack of capacity to be sued, the removal of this action on February 18, 2018, effectively extended Plaintiff's period for service on the Board, by operation of § 1448 and Federal Rule 4(m), to 90 days after removal. It seems to follow, then, that Plaintiff's Second Amended Complaint relates back to the filing of his initial Complaint under Rule 15(c)(1)(C) so long as Defendant met the notice requirements of that rule by May 19, 2018 (i.e. 90 days after removal).

Notably, in May 2018, the parties were litigating before this Court the question of whether the previously-served Sheriff's Office or the yet-unnamed Board of County Commissioners was the proper, suable defendant. Defendant has not maintained, nor could it credibly do so, that it was without notice of Plaintiff's action by May 19, 2018, or that it failed to appreciate by that time that it would have been sued absent Plaintiff's mistake in naming the Sheriff's Office instead. After all, Defendant's current legal counsel, who represented the Sheriff's Office while it was a named defendant, argued to this Court that the law required that "'all suits' commenced against the County shall be filed in the name of the board of county commissioners of that county." *Doc. 11* at 4.

In addition to Plaintiff's showing that Defendant met the notice requirements of Federal Rule 15(c)(1)(C), the Court finds that Defendant has failed to articulate with any specificity the prejudice suffered by a delay in service, particularly where Taos County's Undersheriff was served prior to removal and Taos County participated in underlying administrative proceedings concerning Plaintiff's termination. Indeed, in the absence of

13

a more specific articulation of prejudice by Defendant, and regardless of whether it is Federal Rule 15(C)(1)(c) or New Mexico Rule 1-015(C) that applies here, the Court finds the following admonition of the New Mexico Supreme Court in *Snow v. Warren Power & Mach, Inc.*, 354 P.3d 1285 (N.M. 2015) compelling: "The rationale behind allowing an amendment to relate back is that the statute of limitations should not be used mechanically to prevent adjudication of a claim where the real parties in interest were sufficiently alerted to the proceedings or were involved in them unofficially from an early stage." *Id.* at 1290. Ultimately, Defendant has not demonstrated that it is entitled to dismissal of the Second Amended Complaint under any of the Federal Rules on which it relies.

However, one final wrinkle is apparent from Defendant's reply brief. Although Defendant does not dispute its notice of suit, it submits that, even now, Plaintiff has failed to effect proper service. NMSA § 4-46-2 requires Plaintiff to serve its complaint on the county clerk. Defendant identifies the Taos County Clerk as Anna Martinez, and the Taos County Manager as Leandro Cordova. *See Doc. 40* at 4 n.2. But the return of service indicates that Plaintiff served "Renelle Romero." *Doc. 33*. The Court will give Plaintiff additional time in which to properly serve the county clerk pursuant to statute.

Wherefore,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (*Doc. 34*) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff must serve the Board of County Commissioners of Taos County pursuant to NMSA § 4-46-2 no later than June 14, 2019.

_____
UNITED STATES MAGISTRATE JUDGE