IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NICOLAS LAMENDOLA,

    Plaintiff,

v.                                                                               Civ. No. 18-163 KBM/SCY

THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF
TAOS and JOHN DOES 1-10,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTIONS FOR EXTENSIONS

Before the Court is three motions Plaintiff filed on April 23, 2020: (1) Plaintiff's Motion for an Order Extending Discovery Deadlines for Deposition, Doc. 71; (2) Plaintiff's Motion to Extend Discovery Deadlines for Treating Physician Only, as Expert Witness, Doc. 72; and (3) Second Motion for an Order Extending all Pending Deadlines, Doc. 73. On May 12, 2020, Defendant Board of County Commissioners of the County of Taos filed a response in opposition to all motions. Doc. 76. Plaintiff filed an untimely reply on May 27, 2020, Doc. 81. *See* D.N.M. LR-Civ. 7.4(a). Having reviewed the motions and all relevant authority, the Court denies Plaintiff's Motions.

## BACKGROUND

Plaintiff began this case in New Mexico state court on July 26, 2017, Doc. 1 at 20-21, and filed his First Amended Complaint in state court on January 4, 2018, Doc. 1 at 4. Defendant Board removed this action to federal court on February 19, 2018. Doc. 1. Once in federal court, discovery did not begin in the case for over a year because the parties engaged in early motions practice. *See* Doc. 4 (Motion to Dismiss filed February 26, 2018, arguing the named defendant,

Taos County Sheriff's Office is not a suable entity); Doc. 8 (Judge Yarbrough finding good cause to delay entering a scheduling order due to the pending motion to dismiss); Doc. 24 (Memorandum Opinion and Order entered September 6, 2018, granting the Motion to Dismiss and allowing Plaintiff to move to amend); Doc. 25 (Plaintiff's Motion to Amend); Doc. 28 (Plaintiff's Second Amended Complaint, filed October 3, 2018); Doc. 34 (Defendant Board's Motion to Dismiss for Failure to State a Claim, filed December 6, 2018); Doc. 35 (Order by Judge Yarbrough finding good cause to delay entering a scheduling order); Doc. 45 (Memorandum Opinion and Order entered June 5, 2019, denying Defendant's Motion to Dismiss for Failure to State a Claim); Doc. 48 (Initial Scheduling Order filed by Judge Yarbrough on July 1, 2019, setting a Scheduling Conference). The Court entered a Scheduling Order on August 15, 2019, setting case management deadlines including December 13, 2019 as the deadline for Plaintiff's expert disclosure and February 25, 2020 as the deadline for termination of discovery.

The Court held a status conference on January 23, 2020, during which counsel for Plaintiff suggested a 60-day extension on the case management deadlines to allow more time for discovery and an extension of the expert deadline to allow Plaintiff to disclose his treating physicians. Doc. 59. Defense counsel indicated that he had no objection to the 60-day discovery extension, but objected to the expert extension. *Id.* Accordingly, the Court advised Plaintiff's counsel to file a motion to extend the expert deadline, if Plaintiff would like such an extension. *Id.* On February 18, 2020, the Court granted an unopposed motion to extend case management deadlines, extending the discovery termination deadline to April 27, 2020. Doc. 65. That Order did not include an extension for Plaintiff's expert disclosure. Doc. 65. At a status conference held April 6, 2020, counsel for Plaintiff indicated that Plaintiff would like to seek further extensions of the discovery and case management deadlines. Doc. 68.

2

Plaintiff's three motions to extend followed on April 23, 2020. Docs. 71, 72, 73. In one motion, Plaintiff seeks an extension of his expert disclosure deadline so that he may disclose his treating physicians, Dr. Alden Cockburn and Jake Mossman. Doc. 72. In the other two motions, Plaintiff seeks an extension of the discovery deadline so that he may conduct depositions, Doc. 71, and an extension of all following case management deadlines, such as the motions and pretrial order deadlines, Doc. 73. The Court will address each request in turn.

## LEGAL STANDARDS

Rule 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause extend the time . . . if a request is made before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). However, if the time to act has passed, the Court may extend the time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "[A] finding of excusable neglect under Rule 6(b)[(1)(B)] requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." *Stark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 544, 547 (D.N.M. 2011) (citing *In re Four Seasons Sec. Laws Litig.,* 493 F.2d 1288, 1290 (10th Cir. 1974)). Inadvertence, ignorance of the rules, and mistake of the rules are not sufficient to show excusable neglect. *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).

A determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Such circumstances include: "(1) the danger of unfair prejudice to the opposing party; (2) the length of the delay caused by the neglect and its

impact on judicial proceedings; (3) the reason for delay, and whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party." *Id.*; *see also Quigley*, 427 F.3d at 1238 (applying the *Torres* standard of excusable neglect to an issue arising under Rule 6(b)). "The reason for delay is an important, if not the most important, factor in this analysis." *Hamilton v. Water Whole Intern. Corp.*, 302 F. App'x 789, 798 (10th Cir. 2008).

Further, a party requesting an extension of a scheduling order deadline must make a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4) (requiring that a scheduling order may be modified "only for good cause and with the judge's consent"). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal quotation omitted). In this way, "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, No. CIV 02-1146 JB/LFG, 2007 WL 2296955, at *3 (D.N.M. June 5, 2007). In general, courts will not find diligence where a party has conducted no discovery during the available discovery period. *See Advanced Optics Elecs., Inc. v. Robins*, 769 F. Supp. 2d 1285, 1314 (D.N.M. 2010); *Garey-Jones v. LES Louisiana Energy Servs., LLC*, No. 14-cv-199 JCH/WPL, 2015 WL 13667301, at *3 (D.N.M. Jan. 5, 2015); *Kuo Chuan Wang v. Sommers*, No. 13-cv-0925 MV/SMV, 2015 WL 13666992, at *3-4 (D.N.M. Jan. 15, 2015); *One Call Locators, Ltd. v. CenturyTel Serv. Grp. LLC*, No. 16-cv-00844, 2017 WL 8294284, at *2 (D. Colo. Sept. 5, 2017). Rulings on discovery matters are within the broad discretion of the trial court. *See Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1386 (10th Cir. 1994).

## ANALYSIS

**1. Expert Deadline**

The deadline for Plaintiff to make expert disclosures was December 13, 2019. Doc. 52. Plaintiff, however, did not move to extend that deadline until after it had passed and therefore must first show excusable neglect to justify an extension. Examining the excusable neglect factors, the Court finds, first, that Defendant would likely be prejudiced by Plaintiff's late disclosure. Plaintiff asserts that Defendant would not be prejudiced because Defendant was aware of Plaintiff's intent to use his treating physicians as witnesses since he proffered them as witnesses in the administrative hearing and referenced them in his initial disclosures and written discovery responses. Doc. 72 at 1-3 (citing Doc. 72-1). However, knowing the name of a possible witness is not the same as knowing the subject matter on which the proposed expert witness will present evidence and a summary of the facts and opinions to which the expert is expected to testify. *See* Fed. R. Civ. P. 26(a)(2). Defendant would likely be prejudiced by Plaintiff's late disclosure because it has already made its expert disclosures, Doc. 56, and filed its Motion for Summary Judgment in accordance with the Court's Scheduling Order, Doc. 80, all without the information about Plaintiff's experts that Rule 26(a)(2) requires.

Second, the length of delay is significant. Plaintiff's expert disclosure deadline was December 13, 2019, the discovery deadline was April 27, 2020, and the pretrial motions deadline was May 25, 2020. Docs. 52, 65. Granting Plaintiff an extension for his expert disclosure at this point in the case would require the Court to enter an entirely new scheduling order and push all the other now-expired deadlines out by months.

Further, the Court is not persuaded by Plaintiff's explanation for the length of delay. Plaintiff first realized he needed an extension of the expert deadline around January 23, 2020

Doc. 72 at 2, ¶ 5. However, he failed to move for that extension until April 23, 2020. Plaintiff blames this three-month delay on that fact that his original counsel, Kathryn Hardy, left the Alan Maestas Law Firm sometime in early 2020 and no longer represented Plaintiff. *Id.* ¶ 8. Ms. Hardy explains that Mr. Maestas was supposed to file the motion for extension, which she drafted, but that he never did. *Id.* ¶ 10. After the Alan Maestas Law Firm withdrew from the case, Ms. Hardy returned as Plaintiff's counsel and promptly filed the motion for extension. *Id.* ¶ 11. Although the Court does not doubt Ms. Hardy's representation that she left the Alan Maestas Law Firm in early 2020 with the understanding that Mr. Maestas would file the motion she drafted, the fact remains that Ms. Hardy has been counsel of record, without interruption, since the beginning of this case. Indeed, the only withdrawal of counsel in the record occurred on March 18, 2020. This is when Ms. Hardy filed a notice that she is no longer associated with the Alan Maestas Law Firm *and that Mr. Maestas withdraws as counsel* while Ms. Hardy continues to represent Plaintiff. Doc. 66.

    Moreover, the time between Ms. Hardy leaving the Alan Maestas Law Firm sometime in early 2020 and the time she undoubtedly became re-engaged with the case on March 18, 2020, accounts for only two months of delay. Even accepting Ms. Hardy's explanation that she did not work on the case for this two month period and expected that Mr. Maestas would have filed the motion for extension she drafted during this time, Ms. Hardy does not provide an adequate explanation for why she then waited more than an additional month to file this same motion after she became re-engaged on March 18, 2020. Because of the significant length of delay and Plaintiff's inadequate justification for the length of the delay, the Court finds the second factors weighs against granting Plaintiff's expert extension request.

Third, and most importantly, Plaintiff fails to offer a sufficient reason for the delay. Plaintiff explains that his counsel, Ms. Hardy, was unaware of the requirement by the Federal Rules of Civil Procedure that she needed to disclose Plaintiff's treating physician with Plaintiff's expert disclosures.[1] Plaintiff explains that

> Plaintiff's counsel was not aware of the requirement to list a treating physician as an expert witness, as a treating physician is not usually used as an expert witness in state court matters. And Plaintiff's counsel has never dealt with this issue in Federal Court prior to this instant case. It was not until Plaintiff's counsel was preparing for the [status] conference on January 23, 2020 that it was discovered in a foot note to the scheduling order that Plaintiff's treating physician should be added to the expert witness list. At that time, the deadline to add an expert witness had recently passed.

Doc. 72 at 2, ¶¶ 3-4. Plaintiff's counsel's ignorance of the Federal Rules of Civil Procedure does not constitute excusable neglect, especially in a case that has been pending in federal court since February 2018. *Quigley*, 427 F.3d at 1238. Additionally, the footnote that Plaintiff refers to is a footnote in the Court's Scheduling Order, entered August 15, 2019, that informs the parties that they "must disclose the names of all expert witnesses, including treating physicians . . ." in accordance with Rule 26(a)(2). Doc. 52. Even excusing Plaintiff's counsel's ignorance of the Federal Rules of Civil Procedure at the beginning of this case, Plaintiff's counsel was given explicit notice of expert requirement on August 15, 2019, but failed to meet the expert disclosure deadline by December 13, 2019 and failed to move for an extension until April 23, 2020.

Lastly, the Court finds that Plaintiff has acted in good faith in moving to extend the expert deadlines. However, balancing all the factors, the Court finds that Plaintiff has not demonstrated excusable neglect for missing the expert disclosure deadline as to his treating physicians.

---

[1] Plaintiff dedicates a portion of his motion to examining whether his treating physician can testify as a lay witness. Doc. 72 at 4-5. The Court need not address this argument because presently before it is whether Plaintiff can disclose his treating physicians as expert witnesses.

7

In briefing the issue, the parties focus on whether Plaintiff has demonstrated good cause to amend the scheduling order and extend the expert disclosure deadline. "'[G]ood cause' requires a greater showing than 'excusable neglect.'" *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996). Specifically, good cause requires that the movant "show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch*, 771 F.3d at 1240.

To demonstrate good cause, Plaintiff offers the following explanations: (1) Plaintiff's treating physicians are critical to his case; (2) Defendant has time to depose the physicians because a trial has not yet been set; (3) Defendant previously had notice of the identity of the treating physicians; and (4) Plaintiff would have listed the treating physicians as experts at the time required for his disclosures had he known of the requirement. Doc. 72 at 5-6. Yet none of these explanations demonstrate that Plaintiff was diligent under the scheduling order deadline. As explained above, Plaintiff's counsel was given explicit notice of expert requirement on August 15, 2019, but failed to meet the expert disclosure deadline by December 13, 2019 and failed to move for an extension until April 23, 2020.

For these reasons, the Court finds that Plaintiff failed to meet both the excusable neglect and the good cause standard. Accordingly, the Court denies Plaintiff's motion to extend his expert disclosure deadline.

### 2. Discovery and Other Deadlines

Plaintiff requests that the Court extend the discovery deadline by 60 days, for the purpose of depositions only, Doc. 71, and that it likewise extend all pending case management deadlines by 60 days. Doc. 73. Plaintiff filed these motions before the close of discovery and therefore must only show good cause to justify modifying the Scheduling Order. *See* Fed. R. Civ. P 16(b)(4). While Plaintiff offers a number of explanations to show good cause, the Court finds

8

that none demonstrate that Plaintiff was diligent under the current deadlines. *See Gorsuch*, 771 F.3d at 1240.

First, Plaintiff's counsel, Ms. Hardy, asserts there is good cause for an extension based on the fact that she left the Alan Maestas Law Firm in January/February of 2020, that Mr. Maestas did nothing with this case after she left, and that she took the case back in March and was faced with the difficulties created by COVID-19. However, as explained above, Ms. Hardy never withdrew from the case. *See* Doc. 66; D.N.M. LR-Civ. 83.8. This explanation fails to demonstrate good cause when Ms. Hardy has been counsel of record for the entire life of this case.

Further, even if Ms. Hardy had difficulty conducting discovery in February and March of 2020, Plaintiff fails to show how he was diligent in conducting discovery from the time the Court entered the Scheduling Order in August 2019 to the time Ms. Hardy left the Alan Maestas Law Firm. Plaintiff argues that, due to the change in counsel between Ms. Hardy and Mr. Maestas and due to COVID-19, the "initial 60-day extension was essentially lost to life crisis circumstances beyond the Plaintiff's and Plaintiff's prior and current counsel's control." Doc. 81 at 6. But again, Plaintiff offers no further explanation to show what discovery he conducted during the time since the Court entered the Scheduling Order in August 2019 or how he was diligently tried to complete discovery during the time provided.

While the Court is sensitive to the problems and delays caused by COVID-19, the Court will not allow one party to receive a windfall by simply citing COVID-19. For example, had Plaintiff requested depositions before the onset for COVID-19, and those depositions later had to be canceled due to travel or other restrictions, the Court would be inclined to grant an extension to reset those depositions at a later time. However, such is not the case here. It appears that

9

Plaintiff requested depositions for the first time on April 6, 2020.[2] Doc. 71 at 4; Doc. 71-1 at 5. His first request for depositions came eight months after the Court entered the Scheduling Order and almost two months after the Court granted the first discovery extension. Docs. 52, 65.

Lastly, Plaintiff asserts that he needs an extension to conduct depositions because on March 24, 2020, Defendant supplemented its initial disclosures with a video of Plaintiff talking to Jerry Hogtrefe. Doc. 81 at 3-4. Plaintiff asserts that this video was not provided before March 24, 2020 and "is a significant amount of new evidence, which created more need for Plaintiff, than there was prior to this supplemental disclosure, to conduct depositions." *Id.* at 4. However, Defendant listed Mr. Hogtrefe as a witness in its initial disclosures on August 5, 2019. Doc. 50. While the Court does not doubt that the video may provide new information, the Court fails to see how Plaintiff was diligent in gathering information from a witness he has been aware of for over eight months.

/
/
/
/
/
/

---

[2] Plaintiff points to a number of emails between his counsel and defense counsel in which defense counsel requested dates to depose Plaintiff's witnesses. Doc. 71-1. These emails do not show that Plaintiff was diligent in pursuing depositions, but the opposite. They show that defense was diligent in seeking depositions, while Plaintiff waited until 3 weeks before the close of discovery, after being informed that defense counsel would oppose any further requests for extensions, to begin requesting depositions that he sought.

**CONCLUSION**

For the reasons stated above, the Court DENIES Plaintiff's Motion for an Order Extending Discovery Deadline for Depositions (Doc. 71); Plaintiff's Motion to Extend Discovery Deadline for Treating Physicians Only, as Expert Witness (Doc. 72); and Plaintiff's Second Motion for an Order Extending all Pending Deadlines (Doc. 73).

IT IS SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE